UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| AMANDA GRIFFIN & JAVAN GRIFFIN | * | CIVIL ACTION: |
| --- | --- | --- |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| WINN-DIXIE STORES AND WINN-DIXIE MONTGOMERY, LLC | * | JUDGE |
| | * | |
| | * | JURY TRIAL |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendants, Winn-Dixie Stores and Winn-Dixie Montgomery, LLC (hereinafter collectively referred to as "Winn-Dixie") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On April 16, 2014, Amanda and Javan Griffin filed this lawsuit against Winn-Dixie in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, bearing Case No. 78,254, Division "E", and entitled *Amanda Griffin and Javan Griffin v. Winn-Dixie Stores, et al* (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Winn-Dixie received a copy of this petition on or about April 30, 2014.

3. The suit seeks damages from Winn-Dixie for personal injuries and damages allegedly sustained by plaintiff, Amanda Griffin, as a result of an incident which occurred at the Winn-Dixie store located at 12519 Airline Highway, Destrehan, LA on April 21, 2013.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6. Plaintiff, Amanda Griffin, has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. In Paragraph 5 of their Petition for damages, plaintiffs have alleged that Ms. Griffin has suffered past, present and future pain and suffering; past, present and future physical pain and suffering; past, present and future mental anguish and

suffering; past, present and future medical and miscellaneous expenses; and loss of life's pleasures, loss of consortium and loss of enjoyment of life..

7.   The medical records reflect that plaintiff, Amanda Griffin, initially presented to her doctor with complaints of pain down her entire spine, and ankle pain.  She has been referred to a pain management specialist, and has undergone extensive treatment, including but not limited to lumbosacral medial branch blocks at L2, L3, L4, a radiofrequency ablation of the lumbar facet medial nerve branches, one sacroiliac injection, and two epidural steroid injections.  Her physician has referenced the possibility of a discogram and referral to a neurosurgeon for possible surgical treatment.  Her medical specials total approximately $25,000.

8.   While Winn-Dixie admits no liability, nor any element of damages, Winn-Dixie has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.   COMPLETE DIVERSITY**

8.   Winn-Dixie Montgomery, LLC is a limited liability company, organized under the laws of the State of Florida, with the following members:  managing member, Winn-Dixie Stores, Inc., a corporation authorized under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida; and Brian Carney, Sandlin Grimm, R. Randall Onstead, Jr., and Kenneth Jones, all residents of the State of Florida.  The principal place of business of Winn-Dixie Montgomery, LLC is Jacksonville, Florida.

Winn-Dixie Stores, Inc. is a Florida corporation with its principal place of business in Jacksonville, Florida.

9.   Plaintiffs are residents of and domiciled in the Parish of St. Charles, State of Louisiana.

10. Accordingly, there is complete diversity of citizenship between the plaintiffs and the defendant.

11. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II. WINN-DIXIE HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

12. This Notice of Removal is being filed within thirty (30) days after first receipt by Winn-Dixie of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

13. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

14. The 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15. No previous application has been made by Winn-Dixie in this case for the relief requested herein.

16. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as

4

Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Amanda and Javan Griffin, and a copy is being filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

17. Petitioner, Winn-Dixie, desires and is entitled to **trial by jury** of all issues herein

**WHEREFORE**, defendant, Winn-Dixie, hereby removes this action from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

s/ Sidney J. Hardy

---

**SIDNEY J. HARDY, ESQ. (#1938)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*Attorney for Winn-Dixie Stores, Inc. and*
*Winn-Dixie Montgomery, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Sidney J. Hardy

---

**SIDNEY J. HARDY**