UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMANDA GRIFFIN, et al. | CIVIL ACTION |
| VERSUS | NO. 14-1162 |
| WINN-DIXIE MONTGOMERY, LLC, et al. | SECTION: "G"(2) |

## ORDER AND REASONS

This litigation arises out of Plaintiffs Amanda Griffin's and Javan Griffin's claims for damages following an alleged fall at the Winn-Dixie grocery store in Destrehan, Louisiana. Plaintiff originally filed this action in state court, but Defendants Winn-Dixie Montgomery, LLC and Winn-Dixie Stores, Inc. removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Upon review of this matter, it appears that the Court does not have subject matter jurisdiction over this matter. Even if the plaintiff does not file a motion to remand, the Court must address the jurisdiction issue *sua sponte* since a "party may neither consent to nor waive federal subject matter jurisdiction."[2] "[S]ubject matter delineations must be policed by the courts on their own initiative."[3] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4]

## I. Background

**A.    Factual Background**

Plaintiffs allege that on or about April 21, 2013, Amanda Griffin was shopping at the Winn-

---

[1] Rec. Doc. 1.

[2] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[3] *Gasch v. Hartford Acc. & Idem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

[4] 28 U.S.C. § 1447(c).

Dixie grocery store in Destrehan, Louisiana.[5] According to their petition, as Ms. Griffin entered the produce department, "[s]uddenly and without warning, Mrs. Griffin slipped and fell in a puddle of water on the floor."[6] After the incident, Ms. Griffin allegedly "began to experience persistent pain in her right ankle, right knee, right shoulder, right hip and lower back."[7] Nevertheless, Ms. Griffin "was forced to return to her job as a daycare worker," and her pain subsequently increased.[8] Plaintiffs allege that "[d]ue to her condition she was placed on light duty, at her job and was unable to perform her daily duties as a wife to her husband Javan Griffin."[9]

**B.     Procedural Background**

On April 16, 2014, Plaintiffs filed suit in Louisiana state court, claiming that Defendants were negligent in "fail[ing] to provide to property timely, reasonably and promptly dry, and clean and remove the water and slippery condition from the aforementioned floor."[10] Plaintiffs seek damages for "past, present and future pain and suffering," "past present and future physical pain and suffering," "past, present and future mental anguish and suffering," "past, present and future medical and miscellaneous expenses," and "loss of life's pleasures, loss of consortium and loss of enjoyment of life."[11]

On April 21, 2014, Defendant removed this case to federal court, asserting diversity

---

[5] Rec. Doc. 1-1 at ¶ 2.

[6] *Id.*

[7] *Id.* at ¶ 4.

[8] *Id.*

[9] *Id.*

[10] *Id.* at ¶ 2.

[11] *Id.* at ¶ 5.

jurisdiction pursuant to 28 U.S.C. § 1332.[12] In their Notice of Removal, Defendants aver that "Plaintiff, Amanda Griffin, has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs."[13] Defendants further explain:

> The medical records reflect that plaintiff, Amanda Griffin, initially presented to her doctor with complaints of pain down her entire spine, and ankle pain. She has been referred to a pain management specialist, and has undergone extensive treatment, including but not limited to lumbosacral medical branch blocks at L2, L3, L4, a radiofrequency ablation of the lumbar facet medial nerve branches, one sacroiliac injection, and two epidural steroid injections. Her physician has referenced the possibility of a discogram and referral to a neurogurgeon for possible surgical treatment. Her medical specials total approximately $25,000.[14]

## II. Law and Analysis

**A.     Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.[15] The removing party bears the burden of demonstrating that federal jurisdiction exists.[16] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[17] If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal and

---

[12] Rec. Doc. 1.

[13] Rec. Doc. 1, at p. 2.

[14] *Id.* at p. 3.

[15] *See* 28 U.S.C. § 1441(a).

[16] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

remand the case.[18]

## B. Amount in Controversy

Under Fifth Circuit caselaw, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[19] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[20] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[21] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[22] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[23] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[24] A

---

[18] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 868, 872 ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979) ("[I]t is axiomatic that ambiguities are generally construed against removal. . . .").

[19] *See Allen*, 63 F.3d at 1335.

[20] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[21] *Id.*

[22] *See* La. Code Civ. P. art. 893.

[23] *Id.*

[24] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[25] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[26] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[27]

**C.     Analysis**

In their Notice of Removal, Defendants explain the medical treatment that Ms. Griffin has received, but state that medical expenses only total approximately $25,000—well below the $75,000 jurisdictional threshold.[28] Defendants also note that Ms. Griffin's physician "has referenced the possibility of a discogram and a referral to a neurosurgeon for possible surgical treatment."[29] Although the Fifth Circuit has indicated that future medical expenses are relevant to the amount-in-controversy analysis,[30] the future expenses cited by Defendants are only possibilities. Defendants provide no information regarding the likelihood that Ms. Griffin will undergo these procedures, or

---

[25] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[26]  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[27] *Allen*, 63 F.3d at 1335.

[28] Rec. Doc. 1 at p. 3.

[29] *Id.* at p. 3.

[30] *See Robinson v. Wal-Mart Stores Texas, L.L.C.*, — F. App'x —, 2014 WL 1379180, at *1 n.2 (5th Cir. Apr. 9, 2014) (per curiam) (noting that plaintiff's "future medical expenses are relevant to calculating the amount in controversy").

a cost estimate of these procedures. Further, while Plaintiffs seek damages for pain and suffering, loss of consortium, and loss of enjoyment of life, these categories of damages are inherently speculative and difficult to quantify. Although these categories could potentially bring the amount in controversy over $75,000, the Fifth Circuit has explained that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[31] Accordingly, Defendants have failed to show that these damages would more likely than not meet the jurisdictional threshold.

### III. Conclusion

Federal courts are courts of limited jurisdiction, and thus "removal statute[s] should be strictly construed in favor of remand."[32] In this case, Defendants have the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[33] Considering that Defendants have only pointed to $25,000 in medical expenses, the mere possibility of future procedures, and speculative categories of general damages,

**IT IS HEREBY ORDERED** that the above-captioned matter is remanded to state court.

**NEW ORLEANS, LOUISIANA**, this 22nd day of May, 2014.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[31] *Allen*, 63 F.3d at 1336.

[32] *Manguno*, 276 F.3d at 723.

[33] *Gebbia*, 233 F.3d at 882; *Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.